The next case on our call this morning is agenda number 15, case number 107883, People of the State of Illinois v. Charles De Filippo. Bear with us for just a moment, counsel. You may proceed, counsel. Good morning, and may it please the court. My name is Eldad Malamuth, here today from the Illinois Attorney General's office on behalf of appellant People of the State of Illinois. In this case, the defendant was found guilty by jury on three counts of forgery, and after applying one act on crime principles, the circuit court entered judgment on two of those counts. The defendant was a long-time employee of the Lake County Jail, and he'd made documents near the end of his tenure falsely stating that he had been made a deputy of the sheriff's office in 1981, when in fact he had been made deputy in 1984. This made a substantial difference with respect to the pension benefits to which he was eligible. Now, at trial, the jury was instructed that the documents could be forgeries, they could be false and capable of defrauding if they made it appear that an event had occurred that did not occur. There was no objection by the defendant at that point. On appeal, the appellate court reversed the conviction and found that the defendant's conduct did not meet an element of forgery. Namely, that under the statute 720 ICS 517-3A, the conduct had to, quote, purport to have been made by another or at another time or with different provisions or by authority of one who did not give such authority. The court held that, the appellate court held that this was an element of forgery. But the appellate court's decision ignores several crucial matters. It ignores the historical precedence of this court, which made clear that there was no such element of forgery. It ignores the committee comments to the 1961 revised code, which made clear that the section 17.3 involved no change in Illinois law. And it ignored the multiple appellate court cases which interpreted this language and found that the language is illustrative and non-definitional, that it was not, that it did not create a new element of the offense. Counsel, if I may. Your Honor. If this was a case of statutory interpretation and we looked at this statute to do so, would we conclude that the element of the offense was purported to have been made by another person? Well, Your Honor, this case does involve the interpretation of the statute, to be sure. And the statute is read in conjunction with the committee comments in this case. The statute does set forth this list. We... Well, let me ask, just as a matter of statutory interpretation, and I don't want to get in much of a dispute about this, but if we had to go to the committee comments, wouldn't that indicate some ambiguity in the statute? Your Honor, the, this court often looks to the committee comments without a finding of ambiguity. The, for example, in the Parvin case, this court was analyzing whether the section, whether the defendant was criminally liable for conduct taken on his role as an officer of a corporation. There were no tax documents filed. This court laid out the statute, immediately laid out the committee comments, and analyzed the statute in that manner. This is something that the court has done. And this court noted that the comments to the Illinois statutes are often used as a guide to ascertaining legislative intent. The plain language, the court looks to the plain language because that is the best indicator of legislative intent. And often that is the case. When you have a codification, when you have a... Let me ask you this. Okay. There are statements in the statute that are clearly elements of the offense. And those elements are stated with particularity. Yes, Your Honor. Yeah. And my question is, how do we get from there to it's illustrious, it's an illustration of what might happen, and it's incomplete because it is such a widely violated area that you can't come up with every possible cause. Something like that. Your Honor, in this case the statute sets forth various elements and includes this list. Now this list, the General Assembly knows how to make lists that are exhaustive. It knows how to make lists that say one of the following four things must be done or this does not apply. It knows how to make a list that is clearly exhaustive and exclusive. To be sure, it also knows how to make a list that is clearly non-exhaustive or non-inclusive. There are certain lists that begin with language including but not limited to. So we have on the ends of the spectrum lists that are clearly exhaustive, clearly un-exhaustive. In keeping with that sentiment and continuing your answer to Justice Fitzgerald's question, the illustrative definition of a document apparently capable of defrauding, why isn't it more reasonable to look at that comment as going to subsection C and not to subsection A? Well, Your Honor, there's no doubt that that comment does apply to subsection C. The comments set forth a number of things. First, they point specifically to subsection B and they state that there's a reason that that subsection B list is non-exclusive. Then, without specifically referencing subsection C, the comments note that it was also necessary to make a non-exclusive list with respect to capable of defrauding. So at one point, they specifically point to section B. At another point, they, and when they're talking about capable of defrauding, they don't point to subsection C. So in that case, it certainly could apply, it does apply to subsection C, but also could apply to subsection A. And moreover, the comments make clear that there's been no change in Illinois law. That clearly applies to subsection A also. So that we have two parts of the committee comments, which suggest that the list that we're looking at is non-exclusive. Counsel, so under your theory or argument, it's a forgery if you make or alter any document apparently capable of defrauding another. Yes, if it falls within the class of items articulated by the non-exclusive list. In other words, the list, the language at issue here, the purporting of to made by another or at another time, or by authority of one who did not give such authority, or different provisions, sets out a class of ways in which the document might be false or capable of defrauding. It's not that the language is redundant or useless, but it sets out a class. This is a principle of statutory interpretation with non-exclusive lists. If a person makes a check, writes a check, and they know they have insufficient funds, and they give that check to someone to obtain goods or services, have they committed a forgery? Your Honor, in that case, nothing about the information on the check would have included what would be false. There just simply would be insufficient funds to back up that check. Well, if you know you don't have money in the bank, it's kind of a bogus instrument, isn't it? Well, Your Honor, that certainly would be a crime, or could be a crime or an improper conduct. But in that case, it's not that the information was false. But, for instance, to use an example similar to the one Your Honor has given, let's say a blank check was signed and made out to a specific payee, and the payee was told to fill in a certain amount. This is a classic case of forgery, a forgery that has been found to be a forgery in this State. And the payee would then fill out a different amount. The payee, instead of filling out $100 as directed, fills out $1,000. That's a forgery. Now, does that fall into the statutory language? It doesn't. It doesn't purport to have been made with different provisions. The crime is that it should have been made with different provisions. It does not purport to be made by authority. One did not give such authority. It just did not follow the authority. So if we look at classic examples from this Court with respect to checks, with respect to other documents, we see that things that are forgeries, things that have always been forgeries, do not fall within this language. That is also clear from this Court's Mao case. In that case, the comptroller of a city filled out false information when completing a disbursement form. One of his jobs was to, when bonds were presented to him, to make note of this in a form. And the form was then given for disbursement of funds. Now, what this comptroller did is he simply filled out, he put into the form false information. He said some bond had been presented when, in fact, no such bond had been presented. Now, this Court found that that was a forgery. Again, looking to the language, this did not purport to have been made by another. It did not fulfill any of the criteria that then wound up in the statute. Rather, it simply contained false information. Now, the defendant has argued that Mao is distinguishable from this case because, in that case, the comptroller exceeded his authority. Well, that might be true. That doesn't put him within the language of the statute. Again, the statute doesn't say, or exceeded his authority. It says, or appears to be purported to have been made by someone who, by authority of one who did not give such authority. But in this case, the Mao case, that would not have been, that would not have been, that would not have fit into this definition. So we have the Mao case and the Kubanek case, which was the filling in of false information. And the Kubanek case, excuse me. Your Honor, in this case, the defendant was charged with attempted theft. And the jury returned a not guilty verdict. So the State believed that the defendant could have been found guilty of that as well, but he wasn't. Counsel, did the appellate court reverse all three convictions? Yes, Your Honor. The circuit court had only entered judgment on two of the convictions, and the appellate court reversed on both. The appellate court had stated that there was an element of the crime that the document meet this four criteria. Now, what's interesting about that is that, in fact, one of the documents did have altered language. The paragraph had been taken out. But the appellate court found that the, it wasn't the altered language itself which was the source of the fraud, but it was the date in question. But then that's another good example of why you see that this isn't, why this list is illustrative. Because there, technically, it actually did meet this, it did meet exactly this, the statutory language. It was altered, and it was altered and made to look like it was made with different provisions. And it was made with the intent to defraud. It's just that the altering was not the same as the intent to defraud. Technically, it met every single one of the provisions of this statute. And in this case, we see why the example here might not have been the one conceived of originally by the General Assembly. Why it might not be in the four, but is in the class of the four. Here, the original oath cards, which stated the date of the, the date that the defendant was deputized, could not be found. So the defendant came to the sheriff, he said, my date's wrong. It's been wrong for eight years, but I'm only bringing it up now, but it's wrong and I would like it to be corrected. So the retirement fund looked at it, found no documentation, could not find any documentation. So what the defendant did is he created new documents with indicia of reliability on the sheriff's letterhead and formal memoranda. Which listed his date. So in other words, the original document, he could not alter the original document because that document could not be found. So he did the substitute. He essentially made another document to do the exact same thing. Which was to put a false date in. And this interpretation examining, finding that the list is illustrative is not something that the state brings up now. This is something that has been the recognized law of the court, the state, for many years. Going back to 1974, the fourth district was faced with the argument that indictment was insufficient. This is the Young case. In Young, the indictment simply stated that the defendant had forged a document. It did not state whether it purported to have been made by another at another time and so forth. And defendant said, wait a second, this is an element of the crime. It wasn't in the indictment. And the Young court said, no. It's not an element of the crime. It's exemplative. It's non-definitional. It's an illustrative list. So that was 1974. Again, you have the East West case a number of years later in the first district. And in East West, the facts fall in every material way within the facts today. The defendants were a university and an individual employee of the university. And they created new documents in order to secure educational grant funds. Now, these documents... Did the East West case analyze Section 1A? Yes, Your Honor. In this case, it did analyze 1A. And it analyzed this very language. It was not an issue in that case. East West, it was an issue. Section 1A was not an issue in that case. East West. I believe, Your Honor, that the language at issue here was an issue in East West. That the, specifically, the document was alleged not to have fallen into this language, but that... Didn't East West address the sufficiency of the indictment, not the sufficiency of the evidence, as is the case here? Well, the East West focused on the language of the statute, Your Honor. That is to say, again, whether under the facts alleged, whether in the indictments, but whether the facts alleged were such that they would have fallen within this language. So the question was whether the facts alleged fell within the... met the elements of the crime. And East West experienced no difficulty in concluding that the conduct constitutes forgery. And it noted that the forgery has been succinctly defined as a false making or alteration of an instrument which is apparently capable of defrauding another and made with the intent to defraud. So specifically, the court looked to this language and found that, citing Young, that this language was not an example, not an element of the crime. So we have the historic precedence of this court in Mann and Kubanek. We have the language of the statute itself, which is not as clearly set forth as an exhaustive list, which the legislature, the General Assembly knows how to do. We have the fact that the committee comments in this case are not the normal type of further, some sort of further tool to which we look, but rather something this court often looks. For instance, in the King case, the one act on crime case, which was at issue below, the court had interpreted the committee comments from the criminal code to find that concurrent provisions, concurrent sentences, were not allowed when conduct came out of the same transaction. And in King, the court noted that the statutory language earlier had not actually placed a limitation on the concurrent sentences, but the committee notes had stated that the statute was intended to codify Schlinger. And subsequently, the corrections code was passed, which replaced this criminal code. And the committee comments also changed. And then in King, this court looked to not only the change in the statutory language, but the change in the committee comments. In other words, the comments were looked to as a source of intent, which makes sense because the committee that had drafted them then presented them to the General Assembly with an explanation of what they were to mean. So we have the historic precedence, we have the language, the committee comments, and every subsequent appellate court to have interpreted this language until today all suggest that this was not an element, that this list is non-exclusive, does not present a new separate element of the crime. And therefore, unless there are other questions I would ask of this court, reverse the judgment of the appellate court and reinstate judgment of the circuit court. Thank you. Thank you, counsel. May it please the court, my name is Scott Frankel, attorney for defendant appellee, and we urge the court to affirm the appellate court decision in this case. This case is about the definition of forgery. The definition of forgery is settled and clear and set out in 720 ILCS 5-17-3. This court has already concluded that the statute defines forgery, and it concluded, it reached that conclusion in the Hockaday case, where the court relied on the language of the statute in deciding that case. What the state is trying to do here is to create an issue where none exists in order to avoid an outright reversal of the defendant's conviction. The problem is that their definition is so broad and opens up the definition of forgery so as to render the forgery statute completely meaningless. What they want to try to do is shoehorn the offense that they believed occurred here into the forgery statute, and it just doesn't work. How do you address the state's argument that Hockaday doesn't support your position because the issue in that case was whether there was any allegation of falsehood, not whether the list in 17-3 was exhaustive or not? In the Hockaday case, this court referred to the statute and reiterated the authority of the statute and the plain languages of the statute in reaching its decision, and it is the clearest enunciation that this court believes that the statute itself defines the offense of forgery. You've heard the Attorney General, the Assistant Attorney General argue that the committee comments should be used to help understand the meaning of the statute, but the committee comments in this case are not to the contrary of the position that is urged by the defendant in this case. The comments state that the statute gives examples that are illustrative of a document capable of defrauding, and it's clear if you read the statute and the comments. The comments only relate to subsection C of the statute because in subsection C of the statute, there is clearly a list, an illustrative list that's set forth. The statute says a document apparently capable of defrauding another includes but is not limited to, et cetera. So the statute itself sets forth a non-exclusive illustrative list in subsection C, so the comment clearly, the only fair reading of the comment is that it relates to subsection C. But I heard Your Honor's question, and I agree that the statute itself is completely straightforward and clear and that we don't even need to reach the issue of the comments because the statute sets out clearly the meaning and the elements of the offense of forgery. The cases cited by the Assistant Attorney General in this matter are not to the contrary. The main cases that they talk about, East-West, Young, and Mao, are all cases involving the sufficiency of the indictment. The standard in evaluating whether an indictment is sufficient is much lower than what we are facing here today when we're evaluating the sufficiency of the evidence against the defendant. When you're evaluating the sufficiency of an indictment, you're evaluating whether the indictment contained enough specificity to allow the defendant to defend the case and to preclude a second prosecution under the issue of double jeopardy. So in this case, the cases that were cited by the State don't apply. If you look at the facts of those cases, you will see that in each one of those cases, the facts of the case involve documents that would clearly qualify as forgeries under the statute. In Mao, Mao involved the issue of a controller that forged a disbursement sheet. The court stated that this controller had exceeded his authority. And that clearly falls under the subsection of the statute, which says that a person commits forgery when that person makes or alters any document capable of defrauding another in such a manner that it purports to have been made by authority of one who did not give such authority. The controller did have authority to make correct disbursement sheets, but he was not given the authority to put any number he wished on the disbursement sheets. He had exceeded his authority, and therefore the document was a forgery. In Young, the document involved the issuance of an unauthorized stock certificate, in the same way that the document appeared to be genuine when it actually wasn't, because it was a forgery. It was made to look like a stock certificate that had the authority of the corporation behind it. But in fact, it was just a document that was created by the defendant to obtain money. And there was great discussion during the opening argument and also by the appellate court of the case of East-West. East-West involved grant applications that contained provisions that were false, but purported to rely on truthful enrollment records. The indictment tracked the statute, and the lower court said that the indictment in such a case was sufficient when it charged that the defendant knowingly made documents apparently capable of defrauding another in such a manner that they purported to have been made with different provisions. So in the East-West case, the appellate court believed that it was facing a forgery and evaluating a forgery under the statute, because it was a document that they had concluded involved different provisions. But did they indeed then analyze Section 1A in East-West? I believe that they were analyzing Section 1A. And the court of appeals in this case concluded that East-West did not require an affirmation of the defendant's conviction because in East-West, the defendants had filled out these grant applications, and they had relied on documents that they had purported were accurate documents regarding enrollment and tuition. And when they submitted the grant application, they had submitted a document that purported to have provisions that were based on accurate documentation. And so the document had different provisions than it should have, and that's why it was a forgery. Turning back to Young, again, not only was Young a case involving the sufficiency of the indictment, but the court itself quoted the statute when it discussed the definition of forgery and said the statute does define and particularize the elements of forgery. So even a case that the State relies on heavily in their argument, even in that case, the court referred to the statute and said that the statute itself does define and particularize the elements of forgery. Even if the court were to agree with the State that subsection A only contains an illustrative list, it is clear that the document in this case, the defendant's letter to a supervisor, cannot be a forgery. If we look at the list, we can derive certain common use of words in the list to determine what kinds of documents would fall under that list, even if it's not specifically identified. So what do all the examples in the list have in common? A forgery is a document that purports to be made by another or at another time. A document that purports to have been made with different provisions or a document that purports to have been made by authority of one who did not give such authority. In other words, in all the examples, the document must purport to, must purport something falsely about itself. A document that does not purport something falsely about itself is not a forgery. The defendant's letter does not purport anything false about itself. It is exactly what it purports to be. Even if we concede for argument's sake that it contained a lie, it is not a forgery. It is simply a letter that the defendant wrote himself to a supervisor, urging the supervisor to communicate with someone else regarding the defendant's start date. It doesn't fall into the category of the kinds of documents that are routinely discussed and understood to involve forgeries, such as checks, stock certificates, driver's license, grant applications, that all these documents purport to have something about them that isn't true. The document itself is the problem. Either they have some, a signature that's not true, a provision that's not true, an amount that's beyond the authority of that which is given. We don't have any of those circumstances in the case here. Unless there are any other questions, we would respectfully urge that this court affirm the appellate court. Thank you. Your Honor, this may please the Court a few brief points in rebuttal. Turning first to the defendant's last point about what would be the case if this were to be an illustrative list. First, the defendant has never argued that, indeed, if it is an illustrative list, the facts of this case somehow fall outside the class of those things articulated. The defendant didn't raise this argument in the circuit court. In fact, the defendant raised no argument about this whole element in the circuit court. Didn't raise the argument in the appellate court and has not raised it until just now, I believe. So it would be forfeited. But in any event, the items listed here do routinely fall into the class of lists articulated by those things. And that is apparent from looking at the cases. Now, I'll turn quickly just to the three of the cases which defendant has brought up and which are at issue here. The East-West case. First, defendant claims that these are somehow, the East-West is distinguishable because the documents in East-West purported to have been, purported to have relied on original documents. The facts of East-West are that the defendant put forward new documents which stated false information. Sure, it is true that the false information, that the true information had been recorded elsewhere. That is also the case here. The true information had been recorded on the original oath card. The facts of the, the relevant material facts are that new documents were produced. Those documents contained false information. And those documents were found to be forgery. Now, East-West did look at the indictment and essentially, and, and summarized what it found. It found that the indictment in this case at bar alleged that defendants falsified this enrollment and registration data, made false information for the reasons of securing grant funds for persons not entitled to them. We experienced no difficulty in concluding that this conduct, if proved, constitutes forgery. So the, so East-West did look at this case, looked at precisely this, the, the same material facts. The, the fact that their original document didn't matter. And the same goes for a defendant's argument that somehow this East-West relied on the provisions issue. Well, if, if this fits within the definition of purported to have been made with different provisions, if that's the holding of East-West, then that would apply here. Then these documents purported to have been made with different provisions. In other words, if defendant's strategy to, to, to somehow distinguish away all these cases from, you know, dozens and dozens of years is to stretch the language, then this case would also fall under that stretch, stretch language. If the provisions in East-West were different because they were false, then the provisions here are also different because they were false. That's the same thing with the Mao case. And Mao defendant argues that this falls within the language of the purported to have been made by someone who did not give, purported to have been made by authority of one who did not give such authority because the comptroller exceeded his authority. But those are different things. If exceeding authority falls within the, falls within giving the, the fact of who gave the authority, the comptroller gave the authority in Mao, there's no dispute about that. If he somehow exceeded his authority by doing something false, if we're to stretch that language, then we should stretch all the language. We should stretch the authority language, we should, should stretch the provisions language, and that would essentially have the same impact as making the list illustrative as opposed to exclusive. So whichever way you look at it, the cases support the state's position. They have done so since the early part of the century, and they've done so in the latter part of the century, 20th century. Now turning towards the Hockaday case, the issue in Hockaday was whether the state, whether the indictment had alleged anything false. Whether by just saying purported to and not saying, essentially it said it purported to have been made by somebody, but it didn't say it did not actually have been made by somebody else. So the issue was whether the purported to language sufficiently alleged a falsity, something false. The language, when the Hockaday cited the statute and cited the elements, it eliminated even the other language purported to have been made by, at a different time, or different provisions, or by authority of someone who did not give such authority. So Hockaday cannot be said to have laid out the definitive list of the elements, since it in fact eliminated language which was included in the statute itself, and which nobody argues would not have satisfied this list. So Hockaday just has nothing to say as to the issue presented. So again, we have the historic precedents of this court, which have made clear that it is impossible to identify every way that forgery may occur, and which found that cases with facts materially similar to these constitute forgeries. We have the list, which does not make clear that it is an exclusive list, which the General Assembly knows how to do. We have the comments of the committee who drafted the statute, stating that the law of Illinois was not changed. And we have every appellate court subsequent making the same analysis of the statute. So unless there are any further questions of the court, we would ask that the appellate court's decision be overturned and the judgment of the circuit court be reinstated. Thank you. Thank you, Counselor. Case number 107-883 will be taken under advisement as agenda number 5.